In the Matter of Raymond PETERSON and Debra Ann Peterson, d/b/a R & D Management Company, Debtors.

Bankruptcy No. 87–02050–SW–11.

United States Bankruptcy Court,
W.D. Missouri,
Southwestern Division.

June 29, 1988.

Thomas L. Williams, Roberts, Fleishaker & Williams, Joplin, Mo., for debtors.

Norman E. Rouse, Collins, Webster & Rouse, Joplin, Mo., for Four–State Intern. Trucks, Inc.

ORDER DIRECTING DEBTORS AND CREDITORS, OR ANY OF THEM, TO SHOW CAUSE WITHIN 21 DAYS OF THE DATE OF FILING OF THIS ORDER IN WRITING WHY THE CLAIMANT'S CLAIM SHOULD NOT BE GRANTED IN FULL; WHY CONFIRMATION OF THE DEBTORS' PROPOSED PLAN OF REORGANIZATION SHOULD NOT BE DENIED; AND WHY THE WITHIN CHAPTER 11 PROCEEDINGS SHOULD NOT BE DISMISSED

DENNIS J. STEWART, Chief Judge.

This chapter 11 case now pends before the court as one in which the debtors' proposed plan of reorganization has not yet been confirmed. On February 24, 1988, debtors counsel submitted an amended plan of reorganization. In accordance with the court's prior instructions, counsel also submitted a proposed order which would direct creditors to show cause why the proposed chapter 11 plan should not be confirmed.

The proposed show cause order thus submitted impermissibly deviates from the form of show cause order which this court has published and circulated for general use. Although it contains a "notes" page with the respective texts of these footnotes on it, none of the notes has a corresponding number in the text of the proposed show cause order. The amount to be paid to unsecured creditors and undersecured creditors is not sufficiently detailed in the text of note 1, nor is the value of the debtors' unsecured property there stated. And, although there appear to have been settlements of certain pending claims, the character and particulars of those settlements has never been adequately detailed, despite the prior requests made by the court, both orally and in writing. Other changes have necessarily been made in the proposed amended plan of reorganization, but the show cause order which is now proposed fails to detail those changes.

Further, the treatment of the creditor Four State International Trucks, Inc., which is currently proposed by the debtors, is not sufficient, as a matter of law, and, for the following reasons, the illegality is

discernible in advance of any hearing. Four State International Trucks, Inc., is said to be the payee, on two notes in the respective face amounts of $200,000 and $25,000. With respect to the first note, which is said to be "unimpaired" (which the court, for present purposes interprets to mean that there is currently no outstanding default in payments) the debtors propose simply to continue to make monthly payments according to the tenor of the note. This does not seem to offend any of the statutes which govern the confirmation process in chapter 11 proceedings.

With respect to the second note in the face amount of $25,000, it is proposed that "[t]his note shall be paid in 60 equal monthly installments at the note rate of 9.5% interest of $512.36 per month." According to the court's current understanding of the facts which underlie this claim, the note became due and payable in full shortly after the date of bankruptcy. The proposed treatment under the plan, as described above, is simply to re-amortize the loan over a five-year period of time at the rate of interest provided in the note. Such a provision appears to run counter to the requirements of § 1129(a)(7) and § 1129(b)(2)(A) which require that the claimant receive "not less than the amount that such [claimant] would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date." For, it is clear that, if liquidation should immediately ensue, the creditor, who is treated as a fully secured creditor under the plan (by reason of the proposed 100% payment), would receive its full balance due *plus* interest. Thus, that amount—the full balance currently due *plus* interest at 9.5% from the date of the loan—must all be regarded as principal for the purposes of treatment under the proposed plan and superadded interest at 9.5% per annum must be paid on the declining balance of that sum throughout the course of the plan.

Otherwise, as to the term of extension of that note, which transforms a currently-due note into one which is to be paid over the five-year period which follows the effective date of the plan, the cases hold that "section 1129 does not per se prohibit long term payments." *In re White*, 36 B.R. 199, 203 (Bkrtcy.D.Kan.1983). But "[t]hese payments ... have to be made over a reasonable time." *Appeal of California Gulf Partnership*, 48 B.R. 959, 963 (E.D.La. 1984). And the extension of payments cannot be so out of proportion in relation to the preexisting contract that it amounts to an unreasonable frustration of the expectations of those creditors. The delay cannot be "prejudicial to creditors." *In re Shriver*, 33 B.R. 176, 188 (Bkrtcy.N.D.Ohio 1983). That is the case at bar, in which the debtor appears to convert a past-due, short-term debt into a long term debt.

It is recognized, of course, that the principle of extension is the quintessential substance of chapter 11 reorganization. Without it, it is difficult to imagine a type of debtor which could at once need chapter 11 reorganization and, at the same time, find it possible to perform a plan of reorganization. But, there is a limit which must necessarily apply in extending and delaying the rights of a creditor, particularly those of a fully secured creditor. In chapter 11 proceedings, a fully secured creditor is ordinarily entitled to its "bargained-for" rights. This must necessarily mean that, as the abovementioned case decisions state, the extension of the indebtedness owed to such creditor must be within "reasonable" limits. Accordingly, an indebtedness which, like the subject indebtedness, results from a contract entered into shortly before the date of bankruptcy and was intended by the parties to be a short-term indebtedness cannot, under the governing standard, be converted to a long-term indebtedness. Rather, the degree of extension must, in order to fall within the classification of "reasonable," be such as will keep the indebtedness in the short-term category. Under the circumstances of this case, the court determines that two years must constitute the maximum extension and that, in order to be presented to the court and the creditors as one which is confirmable, the first annual payment must be made on the effective date of the plan or within 30 days thereafter and the remainder of the payments monthly over the year

which follows. For this case has already been pending 12 months, during which the Four State International Trucks, Inc., has been deprived of the money which was long ago to be paid back to it.

Accordingly, for the foregoing reasons, it is hereby

˙ORDERED that debtors and creditors, or any of them, within 21 days of the date of filing of this order show cause in writing why the claimant's claim should not be granted in full; why confirmation of the debtors' proposed plan of reorganization should not be denied; and why the within chapter 11 proceedings should not be dismissed.